IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY SANDOVAL,<br><br>      Petitioner,<br><br>v.<br><br>ROSEANNE CAMPBELL,<br><br>      Respondent. | 1: 05 -CV- 0174 AWI JMD HC<br><br>**ORDER DENYING MOTION FOR A CERTIFICATE OF APPEALABILITY**<br><br>**ORDER DENYING MOTION FOR RESPONSE TO MOTION FOR CERTIFICATE OF APPEALABILITY AS MOOT**<br><br>[Documents #27 & #28] |

    Petitioner is a state prisoner proceeding pro se who filed a petition for writ of habeas corpus on pursuant to 28 U.S.C. § 2254. On March 27, 2008, the court adopted the Magistrate Judge's Findings and Recommendations and denied the petition for writ of habeas corpus. In the court's March 27, 2008 order the court also declined to issue a certificate of appealability.

    On May 1, 2008, Petitioner filed a motion for a certificate of appealability. On June 30, 2008, Petitioner filed a request for a response to his motion for a certificate of appealability.

    A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Before Petitioner can appeal this's court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b). The controlling statute for issuing a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

    (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the

```
circuit in which the proceeding is held.
 (b) There shall be no right of appeal from a final order in a proceeding to test the validity
of a warrant to remove to another district or place for commitment or trial a person
charged with a criminal offense against the United States, or to test the validity of such
person's detention pending removal proceedings.
 (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may
not be taken to the court of appeals from–
  (A) the final order in a habeas corpus proceeding in which the detention complained of
arises out of process issued by a State court;  or
  (B) the final order in a proceeding under section 2255.
 (2) A certificate of appealability may issue under paragraph (1) only if the applicant has
made a substantial showing of the denial of a constitutional right.
 (3) The certificate of appealability under paragraph (1) shall indicate which specific issue
or issues satisfy the showing required by paragraph (2).
```

Preliminarily, the court notes that Petitioner has never filed a notice of appeal or request that the court continue the time in which Petitioner could file a notice of appeal.  The time limit for filing a notice of appeal following entry of an order denying a petition for writ of habeas corpus is thirty days. See Fed. R.App. P. 4(a).   As such, Petitioner has failed to timely appeal. The failure to file a timely notice of appeal deprives the Court of Appeals of jurisdiction. Bowles v. Russell, 127 S.Ct. 2360, 2366 (2007).  The United States Court of Appeals for the Ninth Circuit has held that the issuance of a certificate of probable cause cannot vest the court of appeals with jurisdiction if jurisdiction is not proper in that court. Hayward v. Britt, 572 F.2d 1324, 1325 (9th Cir.1978).   Reading Bowles and Hayward together, the court finds that the issuance of a certificate of appealability at this time would not give the Ninth Circuit jurisdiction over Petitioner's appeal, and as such, the court has no choice but to deny the certificate of appealability.   See  Moreno v. Ryan, 2007 WL 2206943 (E.D.Cal. 2007) Woods v. Ayers, 2007 WL 1805555  (E.D.Cal 2007); Ransom v. Scribner, 2007 WL 841786 (E.D.Cal 2007).

Regardless,[1] the court declines to issue a certificate of appealability.    If the court denies a Petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could

---

[1] It is possible that if the court construed Petitioner's motion for a certificate of appealability as a motion for more time in which to file an appeal and a notice of appeal, Petitioner may still be able to file an appeal.

2

conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While Petitioner, is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 337-38. Petitioner's motion for a certificate does not provide any specific arguments concerning Petitioner's claim. Nothing in Petitioner's motion convinces the court that it was wrong in concluding in the March 27, 2008 order, when the court adopted the Findings and Recommendations, that a certificate of appealability would not be issued. The court finds reasonable jurists would not disagree with the court's conclusion that the state court's findings that Petitioner's trial counsel was not ineffective, there was no jury instruction error, and there was no sentencing error is not contrary to clearly established law.

Accordingly, the court ORDERS that:

1. Petitioner's motion for a certificate of appealability is DENIED;
2. Petitioner's motion for a response to his motion for a certificate of appealability is DENIED as moot; and
3. No certificate of appealability SHALL BE ISSUED.

IT IS SO ORDERED.

**Dated:   July 7, 2008**                           /s/ Anthony W. Ishii
                                      CHIEF UNITED STATES DISTRICT JUDGE

3